Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT
for the
Southern District of Illinois

_____ Division

FILED
NOV 22 2023
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLLINOIS
E. ST. LOUIS OFFICE

| | |
|---|---|
| James Paul Rogers<br><br>_____<br>Plaintiff(s)<br>*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*<br>-v-<br>Scott D. Pulsipher<br>Bob Hunt<br>_____<br>Defendant(s)<br>*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | Case No. 3:23-CV-3774-JPG<br>*(to be filled in by the Clerk's Office)*<br><br>Jury Trial: *(check one)* ☐ Yes ☑ No |

## COMPLAINT FOR A CIVIL CASE

I.   **The Parties to This Complaint**

   A.   **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   Name: James Rogers
   Street Address: 2060 Cleveland Blvd
   City and County: Granite City
   State and Zip Code: Illinois 62040
   Telephone Number:
   E-mail Address: axlinc@hotmail.com

   B.   **The Defendant(s)**

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1

| | |
|---|---|
| Name | Scott D. Pulsipher |
| Job or Title *(if known)* | President and Chief Executive Officer |
| Street Address | 4001 S 700 East, #700 |
| City and County | Salt Lake City |
| State and Zip Code | Utah 84107 |
| Telephone Number | 801-274-3280 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | Bob Hunt |
| Job or Title *(if known)* | Senior Vice President and General Counsel |
| Street Address | 4001 S 700 East, #700 |
| City and County | Salt Lake City |
| State and Zip Code | Utah 84107 |
| Telephone Number | 801-274-3280 |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☐ Federal question            ☑ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

   a. If the plaintiff is an individual

   The plaintiff, *(name)* James Rogers, is a citizen of the State of *(name)* Illinois.

   b. If the plaintiff is a corporation

   The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

   a. If the defendant is an individual

   The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

    b.    If the defendant is a corporation

The defendant, *(name)* Western Governors University, is incorporated under the laws of the State of *(name)* Utah, and has its principal place of business in the State of *(name)* Utah.

Or is incorporated under the laws of *(foreign nation)* _____,

and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

Exceeds $75,000 direct and loss of opportunity, past, present and future. Also damages to health, both physical and mental.

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

Violation of Americans with Disabilities Act (ADA) and Rehabilitation Act of 1973. WGU flimiting access to course materials and denying service-connected and post-heart attack accommodations.
Civil Rights Violation: Denial of access, slow grading, and information withholding
Title VI of the Civil Rights Act: Discrimination based on race, attributes, or other characteristics
Misrepresentation and Breach of Contract: WGU's program was marketed as flexible, etc.. and breached the contract by not delivering the promised flexibility, imposing restrictions on course numbers and progression pace.
Details attached

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Compensatory Damages: $1,520,000 + $20,000   Undue distress and prolonged suffering due to WGU's failure to accommodate post-heart attack and exacerbate service-connected disabilities. Economic damages of $1.5 million for delayed program completion, resulting in job loss, lost income, and potential future earnings over ten years.
Punitive Damages: $5 million   Due to intentional misrepresentation and program prolongation for increased tuition revenue, causing ongoing stress and anxiety.
Injunctive Relief: Seeking court order for WGU to rectify ongoing rights violations, especially accommodations for disabilities. Plaintiff asserts continued impact, seeking trial determination for damages

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 11/22/2023

Signature of Plaintiff  *[signature]*
Printed Name of Plaintiff  James Paul Rogers

### B. For Attorneys

Date of signing: _____

Signature of Attorney  _____
Printed Name of Attorney  _____
Bar Number  _____
Name of Law Firm  _____
Street Address  _____
State and Zip Code  _____
Telephone Number  _____
E-mail Address  _____

**Statement of Claim**

**Violation of the Americans with Disabilities Act (ADA) and Rehabilitation Act of 1973.** Western Governors University (WGU) failed to provide reasonable accommodations as mandated by the ADA and Rehabilitation Act of 1973, restricting access to course materials and denying accommodations post-heart attack.

**Violation of Civil Rights Laws.** Denial of access to course material, slow grading, withholding information, etc.

**Title VI of the Civil Rights Act.** Discriminate based on race, attributes, or other characteristics.

**Misrepresentation and Breach of Contract.** WGU marketed its program as flexible, allowing students to go at their own pace. The plaintiff relied on these representations in choosing WGU for education under the Veterans Administration Chapter 31 (VR&E) program. WGU failed to deliver on the promised flexibility, imposing restrictions on the number of courses and the pace of progress.

**I. Facts:**

Plaintiff, James Rogers, is a student at Western Governors University (WGU).

The plaintiff is enrolled under the Veterans Administration Chapter 31 (VR&E) due to service-connected disabilities.

WGU failed to provide reasonable accommodations as mandated by the ADA and Rehabilitation Act of 1973, restricting access to course materials and denying accommodations related to service-connected disabilities and post-heart attacks.

The VA's Purchase Order set February 1 as the program start date, but WGU intervened, delaying it by one additional month, despite the school accepting the February start date. My initial start time and open enrollment were revoked. Someone falsely claimed to be the VP of the division. WGU postponed my program start by a month, even though the school had accepted the purchase order for a February start.

Service Connected Disability. Tinnitus, a service-connected disability causing constant ringing in my ears, was not accommodated. Fighting for rights and justifying accommodation requests shouldn't be constant. Early accommodations could have mitigated my disability, allowing for timely program completion.

Heart Attack. On May 3, after my exam was abruptly stopped and appealed, I experienced distress. Later that day, I had a heart attack and emergency surgery. Accommodation approved by the mentor was revoked by WGU, violating Federal Laws like the ADA. Despite being under medication and strict regimens, WGU provided no accommodations. Pearson Vue admitted testing errors, providing some relief.

The WGU experience caused ongoing stress and anxiety. I seek complete erasure from memory, with no mention of WGU on a resume or job application.

During therapy for Tinnitus and post-heart attack stress, WGU conflicts added anxiety. Months later, with no accommodations, visits to the ER resulted in avoidable mental distress.

June to August lacked feedback on courses and prompt access to courses, causing anxiety and depression.

On August 2, plaintiff filled out the forms anticipating the Masters Degree Portion schedule. WGU's delayed response on October 24, 82 days later, caused health degradation and added to the frustration and economic loss.

Completing 76 credits and 52 transfer credits, all but two courses, lacked adequate feedback or accommodations, causing delays and stress. WGU forced plaintiff into a six month term of one course, later two courses, which affected financial support.

WGU promotes DEI programs where accommodations are made for people based on race, sex, and other attributes and that may put my immutable characteristics on the discriminated against' side of the equation.

WGU marketed its program as flexible, allowing students to go at their own pace.

The plaintiff relied on these representations in choosing WGU for education under the Veterans Administration Chapter 31 (VR&E) program.

WGU failed to deliver on the promised flexibility, imposing restrictions on the number of courses and the pace of progress.

## II. Defendant's Involvement:

WGU is responsible for implementing accommodations under the ADA and Rehabilitation Act but failed to do so.

Disability Discrimination: WGU's denial of flexibility post-heart attack is a failure to reasonably accommodate a service-connected disability, violating the Americans with Disabilities Act (ADA).

Failure to Reasonably Accommodate: WGU failed to reasonably accommodate the individual's health condition, violating the duty to accommodate under disability laws.

Neglect to Prevent Wrongful Act: WGU, with knowledge of the situation, neglected to prevent the denial of access, making them liable for damages.

Conspiracy to Interfere with Civil Rights: WGU's denial of access and flexibility after a heart attack impacted educational progress, constituting a conspiracy to interfere with civil rights.

Obstruction of Justice: WGU's actions hindered the pursuit of education.

Deprivation of Property Rights: A delay in program completion resulted in a deprivation of property rights, considering the educational degree as valuable property.

Deprivation of Educational Rights: WGU deprived the individual of the rights to accessible education promised in marketing materials.

Preventing Officer from Performing Duties: Denial of access prevented the person, as a veteran, from fulfilling duties as a student.

Intimidation or Threat: Possible reverse discrimination and indications during conversations may constitute a violation under conspiracy and civil rights laws.

Conspiracy to Injure in Person or Property: Denying access resulted in delayed completion, causing injury to the person or property.

Violations of VA Rights: WGU's actions may be a violation of Veterans Administration (VA) rights.

Violation of Contractual Rights: WGU's denial of promised flexibility breached the contractual rights established in marketing materials.

Loss of Economic Opportunities: Delayed completion resulting in economic harm may violate economic rights.

False Promises and Misrepresentations: WGU's intentional or reckless misrepresentations induced reliance, causing harm to the individual, the VA, and taxpayers.

Masters Part Separation: WGU's program description implies a seamless transition, but the master's part requires a separate six-month term, creating a discrepancy with the promised efficiency.

Delayed Progression: The potential six-month wait for bachelor's part completion contrasts with the fast-track program representation, misleading individuals.

Legal and Ethical Concerns: WGU's intentional program prolongation for financial gain raises legal and ethical concerns, akin to a deceptive scheme.

Collaboration with Veterans Administration: WGU's failure to provide reasonable accommodations may be a lack of collaboration with the VR&E program, violating veterans' rights.

Impact on Housing Support: WGU's actions violate ADA and hinder participation in the VR&E program, impacting housing support.

### III. Dates and Places:

The Purchase Order sent by VA had a start date of February 1, and the program started on that date but there was intervention by WGU to delay that one more month. I had a start time and open enrollment, then it was revoked.

A person claimed they were the VP of that division. WGU delayed the start of my program by one month, though the purchase order was accepted by the school for a February start date.

On May 3 there were similar emails after my exam was abruptly stopped by graders and this was appealed. This caused great distress and I sent three emails for appeal. Later that day, I had a heart attack and emergency surgery the following hours at John Cochran Hospital. I requested some accommodation from the school, and it was initially approved by the mentor but then revoked by WGU. My request was entirely reasonable and allowed by the most stringent regulations at the school, but steps were taken to reject reasonable accommodation requests violating Federal Laws like the ADA. I was under multiple medications for the heart and arteries to prevent clotting and had strict regimens under the warning of death. No accommodations were allowed. Pearson Vue the testing company admitted error on the testing issue and gave some relief, and I accepted that at that time as a relief of stress.

One of my service-connected disabilities is tinnitus which causes constant ringing in my ears.

I should not need to fight every moment for rights and justify any requests for accommodations.

If accommodations had been given early it would have mitigated my terrible disability and allowed for the successful completion of the program on time.

The experience with WGU has led to ongoing stress and anxiety, which gives a terrible injury that this WGU experience must be in my past to the extent that there could be no memory of WGU, the people, the experience, and no degree or mention of WGU on a resume or job application.

During these weeks there was an ongoing conflict with WGU during this terrible period with the therapy and stress from Tinnitus and the heart issue and related medications and therapy, along with the sense of possible death during this post-heart attack period.

Following months there were instances of variance in the heart and body with some visits to the Emergency Room at John Cochran, and during this time, no accommodations were allowed from WGU which added terrible mental anxiety, depression, and stress, which was entirely avoidable.

During June through August, especially in August 2023, there was a lack of feedback on certain courses which added terrible mental anxiety, depression, and stress, which was entirely avoidable from WGU.

Communications from me to WGU were interpreted by the WGU staff that there was no need for accommodation. The aftermath of the heart attack event continued to cause issues.

On August 2 WGU sent a form and I completed this to request the upcoming term schedule, the Master's Portion.  Then there was a delay in response until October 24 which was 82 days apart.

I complete 76 credits plus 52 Transfer Credits 52, all but two courses. Those two courses were not difficult but both had inadequate feedback or delays or were compressed into a short time window, by lack of accommodations.

Emails, communications, and other evidence are forthcoming.

**Relief**

The plaintiff seeks the following relief from the court:

Compensatory Damages: 1,520,000 dollars, plus

20,000 dollars. Actual damages for undue distress, mental anxiety, and prolonged suffering caused by WGU's failure to provide reasonable accommodations during and after a heart attack, exacerbate the plaintiff's service-connected disabilities.

1.5 million dollars. Economic damages for the delayed program completion resulted in the loss of job opportunities. Economic damages for job loss and delayed program completion due to lost income and potential future earnings. This goes out ten years, including immediate loss, marginal loss each year, and loss of being able to finance property ownership.

Incalculable losses due to emotional distress damages depend on the severity of the emotional harm, impact on daily life, and any related medical or therapy expenses.

Punitive Damages: 1 million dollars

Punitive damages due to WGU's intentional and reckless conduct, including misrepresentation of program features and intentional prolongation of the program to increase tuition revenue.

Also to address the ongoing stress and anxiety inflicted by WGU's actions.

Injunctive Relief:

An injunction requiring WGU to rectify ongoing violations of the plaintiff's rights, especially in terms of accommodations for service-connected disabilities.

The plaintiff asserts that the wrongs alleged continue to impact the present time, as evidenced by ongoing stress and anxiety resulting from the WGU experience. The plaintiff seeks an amount to be determined at trial for actual damages, including economic losses and emotional distress, and punitive or exemplary damages to hold WGU accountable for its intentional and harmful actions.

The plaintiff seeks an order from the court requiring WGU to pay for a comprehensive audit, conducted by an independent third party at WGU's expense, to assess and identify any instances where veterans, similarly situated to the plaintiff, may have faced discriminatory practices, denial of reasonable accommodations, or other violations of their rights under the Americans with Disabilities Act, Rehabilitation Act of 1973, and other relevant laws.

Furthermore, the plaintiff requests that WGU compensate any identified individuals for damages incurred as a result of these violations. This audit is intended to ensure that all veterans receive fair and equal treatment by applicable laws and regulations."

JS 44 (Rev. 07/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
JAMES ROGERS

**DEFENDANTS**
SCOTT PULSIPHER
BOB HUNT
WESTERN GOVERNORS UNIVERSITY

(b) County of Residence of First Listed Plaintiff: MADISON
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: UTAH
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☒ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- ☒ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☒ 446 Amer. w/Disabilities - Other
- ☒ 448 Education

PERSONAL INJURY
- ☒ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☒ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty
Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☒ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☒ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA, CIVIL RIGHTS, DISCRIMINATION, FALSE CLAIMS, TITLE IV
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # ___ AMOUNT ___ APPLYING IFP ___ JUDGE ___ MAG. JUDGE ___