UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAMES PAUL ROGERS,

      Plaintiff,

  v.                                     Case No. 23-cv-3774-JPG

SCOTT D. PULSIPHER and BOB HUNT,

      Defendants.

## MEMORANDUM AND ORDER

In light of Seventh Circuit Court of Appeals admonitions, *see Page v. Dem. Nat'l Comm.*, 2 F.4th 630, 634 (7th Cir. 2021) (citing *Great S. Fire Proof Hotel Co. v. Jones*, 177 U.S. 449, 453 (1900)); *Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007), the Court has undertaken a rigorous initial review of pleadings to ensure that jurisdiction has been properly pled.  *See Page*, 2 F.4th at 634 (federal courts "must make their own inquiry to ensure that all statutory requirements are met before exercising jurisdiction"); *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) (noting courts' "independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it").  The Court has noted the following defect in the jurisdictional allegations of the Complaint (Doc. 3) filed by plaintiff James Paul Rogers:

- **Failure to allege the citizenship of an individual.**  A complaint asserting diversity jurisdiction must allege the citizenship of an individual defendant, not merely residence. 28 U.S.C. § 1332(a)(1); *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002); *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998).  Allegations of "residence" are jurisdictionally insufficient. *Steigleder v. McQuesten*, 198 U.S. 141 (1905).  Dismissal is appropriate where parties allege residence but not citizenship. *Held*, 137 F.3d at 1000.  Despite asserting federal questions, Rogers relies on diversity jurisdiction to access this Court, yet he fails to plead the citizenships of the two named defendants.  Instead, he pleads the citizenship of Western Governors University, which is not a named defendant.

The Court hereby **ORDERS** that the plaintiff shall have up to and including December

22, 2023, to amend the faulty pleading to correct the jurisdictional defect.  *See* 28 U.S.C. § 1653. Failure to amend the faulty pleading to cure the defect may result in dismissal of this case for lack of subject matter jurisdiction and/or for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  Amendment of the faulty pleading to reflect an adequate basis for subject matter jurisdiction will satisfy this order.  The Court **DIRECTS** the Clerk of Court to send the plaintiff a blank Complaint for a Civil Case (for Non-Prisoners) form and **GRANTS** the plaintiff leave to substitute or add Western Governors University as a defendant.  The plaintiff is directed to consult Local Rule 15.1 regarding amended pleadings and need not seek leave of Court to file such amended pleading.

The Court **RESERVES RULING** on the plaintiff's motions for leave to proceed *in forma pauperis* (Doc. 4) and for service of process at government expense (Doc. 6) until the Court is confident it has jurisdiction to hear this case.

**IT IS SO ORDERED.**
**DATED:  November 29, 2023**

                                          s/ J. Phil Gilbert
                                          **J. PHIL GILBERT**
                                          **DISTRICT JUDGE**