UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAMES PAUL ROGERS,

    Plaintiff,

  v.

WESTERN GOVERNORS UNIVERSITY,

    Defendant.

Case No. 23-cv-3774-JPG

### MEMORANDUM AND ORDER

This matter comes before Court on the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by defendant Western Governors University ("WGU") seeking to dismiss plaintiff James Paul Rogers' claims brought pursuant to 42 U.S.C. § 1983 (Count 2) (Doc. 27). WGU notes that it is a private university and that its actions are not fairly attributable to a government, which is required for § 1983 liability. Rogers has responded by pointing to the numerous connections between WGU and state and federal governments or state officials (Doc. 30 & 34). WGU has replied to Rogers's response (Doc. 33). The Court also considers Rogers's brief motion for recruitment of counsel (Doc. 35).

Because Rogers has not pled in his Amended Complaint anything suggesting WGU has such a close relationship with a state that it is subject to liability under § 1983, the Court will grant WGU's motion, but without prejudice and with leave to replead.

**I.    Standard for Dismissal**

When considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level.  *Bell Atl.*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 776 (7th Cir. 2022); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl.*, 550 U.S. at 556).  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679.

In *Bell Atlantic*, the Supreme Court rejected the more expansive interpretation of Rule 8(a)(2) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  *Bell Atl.*, 550 U.S. at 561-63; *Concentra Health Servs.*, 496 F.3d at 777.  Now "it is not enough for a complaint to avoid foreclosing possible bases for relief;  it must actually suggest that the plaintiff has a right to relief . . . by providing allegations that 'raise a right to relief above the speculative level.'" *Concentra Health Servs.*, 496 F.3d at 777 (quoting *Bell Atl.*, 550 U.S. at 555).

**II.     Facts**

As a preliminary matter, Rogers's response to WGU's motion to dismiss refers to matters outside the pleadings.  When such material is presented in connection with a Rule 12(b)(6) motion to dismiss, the Court may treat the motion to dismiss as a motion for summary judgment

or it may exclude the additional material from consideration. *See* Fed. R. Civ. P. 12(d). This applies to the nonmovant as well as the movant. *See, e.g., Rutherford v. Judge & Dolph Ltd.*, 707 F.3d 710, 713-14 (7th Cir. 2013).

In this case, most of the materials Rogers submits relate to the substance of his claims—that is, whether he was disabled, whether WGU provided him with proper accommodations, and whether WGU committed fraudulent misrepresentation or breached a contract—but the sole issue in *this* motion is whether WGU can be liable under § 1983 because of its relationship to a state. Most of the materials Rogers submits do not appear relevant to this question. As a consequence, the Court declines to consider those additional materials and will consider this motion as it was captioned, under Rule 12(b)(6). However, the potentially relevant materials regarding the nature of WGU—for example, its articles of incorporation—may be considered under Rule 12(b)(6) because they are public records, *see Pugh v. Tribune Co.*, 521 F.3d 686, 691 n. 2 (7th Cir. 2008), or were attached to the Amended Complaint, *see Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002).

The allegations in the Amended Complaint and the material considered in conformity with the previous paragraph establish the following facts relevant to the pending motion.

Rogers is a disabled veteran of the United States Armed Forces. WGU is a private, non-profit university that offers online classes. WGU is a Utah non-profit corporation formed in 1997 by a group of governors of 13 states, and its articles of incorporation provide that the members of the corporation shall consist of the governors of each state participating in the WGU educational program (Doc. 30 at 9-12).

When Rogers was a student at WGU, WGU limited his access to course materials and failed to provide him requested accommodations for his service-connected disabilities and

subsequent medical problems. He also believes it did not display to him the flexibility it touted in its marketing of the school. Rogers believes that some or all of WGU's conduct was discriminatory on the basis of race in violation of Title IV of the Civil Rights Act. Particularly with respect to his claims for civil rights violations, Count 2, Rogers alleges the following: "Civil Rights violations: Denial of access, slow grading, withholding information." Am. Compl. § IV (Doc. 12 at 5).

Rogers filed this lawsuit in November 2023 and filed the Amended Complaint in December 2023. WGU answered most of his claims (Doc. 29) but asks the Court to dismiss his § 1983 claims because it is a private party not acting under color of state law.

**III.    Analysis**

In order to state a § 1983 claim, a plaintiff must allege that the defendant deprived the plaintiff of rights secured by the Constitution or laws of the United States and that the defendant was acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *McKinney v. Duplain*, 463 F.3d 679, 683 (7th Cir. 2006); *Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1009 (7th Cir. 2000). The state action requirement reflects that most Constitutional rights protect from infringement by a government, not a private party. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982); *Flagg Bros. v. Brooks*, 436 U.S. 149, 157 (1978). Acting "under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49 (1988) (citing *United States v. Classic,* 313 U.S. 299, 326 (1941)). If a defendant is a state or local governmental entity, or an employee of such an entity, it is usually easy to see that the defendant was "acting under color of state law" when abusing a position given by the state. *West*, 487 U.S. at 49 ("[S]tate employment is generally sufficient to

4

render the defendant a state actor." (internal quotations omitted)).  When a defendant is a private individual or entity, the question becomes murkier.

Before a private party can be liable under § 1983, the private party and a state must have such a close nexus that the private party's action is "fairly attributable to the State itself." *Lugar*, 457 U.S. at 937; *accord Flagg Bros.*, 436 U.S. at 157; *Listecki v. Official Comm. of Unsecured Creditors*, 780 F.3d 731, 738 (7th Cir. 2015).  There are various kinds of relationships with a state where the private party's actions are "fairly attributable to the State" such that the private party is considered to be "acting under color of state law."  For example, when a private party voluntarily assumes by contract a State's constitutional duty, the private party becomes a state actor for § 1983 purposes.  *See West*, 487 U.S. at 55-56 (state's constitutional duty to provide medical care for inmates).  Or if a private party conspires with a state actor to deprive a plaintiff of constitutional rights, the private party acts under color of state law and can be sued under § 1983.  *See Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 152 (1970) (conspiracy between private party and police officer to discriminate on the basis of race).

It is well-settled that being a private school that receives state funds and is subject to "extensive and detailed" state regulation is not enough to subject a private school to § 1983 liability.  *See Rendell-Baker v. Kohn*, 457 U.S. 830, 840-42 (1982).  In *Rendell-Baker*, the Supreme Court considered whether a private school receiving 90% of its funding from the state acted under color of state law when it fired a teacher.  In finding it did not, the Supreme Court considered four factors to evidence state control over a private party: "whether the state funding ordered or encouraged the private action; whether the state contributed to the challenged action; whether the school was performing a 'public function'; and whether there was a 'symbiotic relationship' between the school and the state." *L.P. v. Marian Cath. High Sch.*, 852 F.3d 690,

696 (7th Cir. 2017) (citing *Rendell-Baker*, 457 U.S. at 840-43).

Rogers has not alleged any facts to plausibly suggest WGU was acting under color of state law. No allegations support a finding that WGU had such a close nexus with a state that the actions Rogers complains about would be fairly attributable to the state, and Rogers does not allege in the Amended Complaint any facts relevant to the *Rendell-Baker* considerations. And since this Rule 12(b)(6) motion asks only whether Rogers has pled sufficient facts, the Court must say no.

That does not mean that he may not be able to do so. It seems that founding by a group of state governors, a name that includes the word "Governors," continued participation by state officials on the Board of Trustees, and the apparent WGU franchising-type arrangements in numerous states (and possibly state governments) may suggest a close enough relationship between WGU and a state that some of WGU's decisions may be "under color of state law," although maybe not the program-based instructional conduct about which Rogers complains.[1] For this reason, the Court will dismiss Rogers's § 1983 claim without prejudice with leave to replead to include relevant facts.

## IV.    Recruitment of Counsel

Rogers asks the Court to recruit counsel to represent him to help him with his case, to make clarifications, and to avoid breaking rules and appearing disrespectful.

Whether to assign an attorney to represent an indigent civil litigant is within the sound discretion of the district court. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). There is absolutely no right to appointment of counsel in a civil case. *Pruitt*, 503 F.3d at 656-57.

---

[1] Any connections between WGU and federal government entities such as Congress, the Department of Defense, or the Veterans Administration do not establish a nexus with a *state* government, the only kind of connection that can subject a private party to liability under § 1983.

6

Pursuant to 28 U.S.C. § 1915(e)(1), the Court may request the assistance of counsel in an appropriate civil case where a litigant is proceeding *in forma pauperis. Mallard v. U.S. District Court*, 490 U.S. 296 (1989); *Pruitt*, 503 F.3d at 649. Local Rules 83.1(j) and 83.8(b) obligate members of the bar of this Court to accept assignments.

In deciding a request for counsel, the Court should ask (1) whether the indigent plaintiff has made a reasonable attempt to obtain counsel or has been effectively precluded from doing so and (2) whether, given the difficulty of the case, the plaintiff appears at that time to be competent to litigate it himself. *Pruitt*, 503 F.3d at 654-55 (citing *Farmer v. Haas*, 990 F.2d 319, 321-22 (7th Cir. 1993)). "[T]he question is whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Id.* at 655. In making this inquiry, courts usually consider factors such as the plaintiff's literacy, communication skills, educational level, litigation experience, intellectual capacity and psychological history. *Id.*

Rogers has addressed neither of the requirements in his bare-bones motion, although he has demonstrated his ability to express himself clearly in his filings to date. The Court declines to recruit counsel for him at this time. The Court reminds Rogers that it must construe *pro se* filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, liberal construction does not mean that *pro se* litigants are exempt from court rules. *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001); *see Members v. Paige*, 140 F.3d 699, 702 (7th Cir. 1998) ("[R]ules apply to uncounseled litigants and must be enforced."). The Court suggests Rogers consult the Federal Rules of Civil Procedure, available at https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure, and this Court's Local Rules, available at https://www.ilsd.uscourts.gov//LocalCourtRules.aspx, as he proceeds in this litigation.

## V.     Conclusion

Because Rogers has not pled any facts plausibly suggesting WGU's conduct is fairly attributable to any state, the Court:

- **GRANTS** WGU's motion to dismiss Rogers's § 1983 claims (Count 2) (Doc. 27);

- **DISMISSES** (Count 2) **without prejudice** with leave to amend on or before March 15, 2024, if he wishes to do so.  The Court reminds Rogers that, to revive his § 1983 claim, he must plead facts plausibly suggesting WGU was acting under color of state law when it made the decisions he complains about in this lawsuit;

- **DENIES without prejudice** Rogers's motion for recruitment of counsel (Doc. 35); and

- **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case.

**IT IS SO ORDERED.**
**DATED:  February 29, 2024**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**

8