UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAMES PAUL ROGERS,

    Plaintiff,

  v.                                                Case No. 23-cv-3774-JPG

WESTERN GOVERNORS UNIVERSITY,

    Defendant.

## **MEMORANDUM AND ORDER**

This matter comes before Court on the motions filed by plaintiff James Paul Rogers for electronic access and limited legal help (Doc. 41) and to compel discovery (Doc. 42).

**I.    Electronic Access to CM/ECF**

Electronic Case Filing ("ECF") Rule 1 permits *pro se* litigants to use the CM/ECF system for a specific case with prior approval of the Court. Once a Court grants authorization in a particular case, to gain access to CM/ECF, ECF Rule 2 requires the *pro se* litigant to register for an "e-file only" account at www.pacer.gov. Registration with CM/ECF has consequences, including that the *pro se* litigant may no longer submit paper filings and will no longer receive paper mailings from the Court or the defendant. The consequences of CM/ECF registration are explained in Section V of the Court's *Pro Se* Litigant Guide, which is available at https://www.ilsd.uscourts.gov/forms-0. The ECF Rules are available at https://www.ilsd.uscourts.gov/electronic-case-filing. Other resources regarding use of the CM/ECF and PACER systems are available at https://pacer.uscourts.gov/help.

Without being sure that Rogers is aware of the consequences and responsibilities of registration as a CM/ECF user in this case, the Court is hesitant to authorize him as a CM/ECF user. Consequently, the Court will deny his request for electronic access to CM/ECF without

prejudice. However, the Court would entertain a renewed motion in which Rogers assures the Court that he has read the ECF Rules and Section V of the *Pro Se* Litigant Guide.

**II.     Limited Legal Help**

Rogers asks for "limited legal help," which the Court cannot give. If Rogers seeks the recruitment of counsel to represent him in this case, he may apply to the Court. Whether to assign an attorney to represent an indigent civil litigant is within the sound discretion of the district court. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007); *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). There is absolutely no right to appointment of counsel in a civil case. *Pruitt*, 503 F.3d at 656-57. Pursuant to 28 U.S.C. § 1915(e)(1), the Court may request the assistance of counsel in an appropriate civil case where a litigant is proceeding *in forma pauperis*. *Mallard v. U.S. District Court*, 490 U.S. 296 (1989); *Pruitt*, 503 F.3d at 649. Local Rules 83.1(j) and 83.8(b) obligate members of the bar of this Court to accept assignments.

In deciding the request for counsel, the Court should ask (1) whether the indigent plaintiff has made a reasonable attempt to obtain counsel or has been effectively precluded from doing so and (2) whether, given the difficulty of the case, the plaintiff appears at that time to be competent to litigate it himself. *Pruitt*, 503 F.3d at 654-55 (citing *Farmer v. Haas*, 990 F.2d 319, 321-22 (7th Cir. 1993)). "[T]he question is whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Id.* at 655. In making this inquiry, courts usually consider factors such as the plaintiff's literacy, communication skills, educational level, litigation experience, intellectual capacity and psychological history. *Id.*

The Court cautions Rogers that it is unlikely to appoint him counsel for the types of claims he brings, many of which are under statutes that provide payment of attorney's fees if a

litigant is successful. If Rogers has a likelihood of success, he should be able to locate private counsel to represent him. Furthermore, he has demonstrated an ability, despite his mental health challenges, to articulate his claims and arguments well.

The Court further directs Rogers to Section II (C) and (D) of the *Pro Se* Litigant Guide for information about finding an attorney and self-representation.

### III. Compel Discovery

Rogers seeks an order compelling the defendant to respond to discovery requests. However, on May 13, 2024, the Court extended the deadlines for those responses (Doc. 40), so there is discovery delinquency. The Court further reminds Rogers that before filing a motion to compel discovery, he must seek to resolve the dispute informally with the defendant. Fed. R. Civ. P. 37(a)(1) ("The motion [to compel] must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.").

### IV. Conclusion

For the foregoing reasons, the Court **DENIES** Rogers's motion for electronic access (without prejudice) and limited legal help (Doc. 41) and to compel discovery (Doc. 42). The Court further **DIRECTS** the Court to send Rogers a copy of the *Pro Se* Litigant Guide.

**IT IS SO ORDERED.**
**DATED:  May 15, 2024**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**