UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAMES PAUL ROGERS,

        Plaintiff,

    v.

WESTERN GOVERNORS UNIVERSITY,

        Defendant.

Case No. 23-cv-3774-JPG

**MEMORANDUM AND ORDER**

This matter comes before Court on the plaintiff James Paul Rogers's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(2), (3), and (6) (Doc. 96). Defendants Western Governors University ("WGU") responded to the motion (Doc. 97), and Rogers has replied to that response (Doc. 99).

As a preliminary matter, the Court considers its jurisdiction to hear this motion. After the Court of Appeals affirmed this Court's decision, Rogers filed a petition for a writ of *certiorari*, which is still pending before the United States Supreme Court. *Rogers v. W. Governors Univ.*, No. 25-7051. Ordinarily, a pending appeal divests the Court of jurisdiction. "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Indeed, a district court does not have jurisdiction to grant a Rule 60(b) motion filed while the case is on appeal. *Boyko v. Anderson*, 185 F.3d 672, 674-75 (7th Cir. 1999). It does, however, have jurisdiction to deny such a motion, and should do so expeditiously if the motion appears to be without merit. *Id.* Because Rogers has not offered any extraordinary reason to vacate the judgment in this case, the Court will deny his motion.

## I.    Background

This lawsuit stemmed from Rogers's dissatisfaction with his experience as a student in WGU's online programs.

Rogers now asks the Court to vacate its February 20, 2025, order (Doc. 79) and judgment (Doc. 80).  The judgment was based on the Court's order granting summary judgment for WGU on Rogers's claims for disability and race discrimination, breach of contract, and fraudulent misrepresentation.  The Court concluded that no reasonable jury could find WGU discriminated against Rogers based on disability because it treated him the same way both before and after the disabilities it knew about and because Rogers himself failed to engage in the disability accommodation discussion.  It further held that no reasonable jury could find he suffered race discrimination because Rogers never suffered any hostility or harassment and was not denied any educational benefit because of his race.  It further held no reasonable jury could find WGU breached a contract or made a fraudulent misrepresentation because it fulfilled its promised in its catalogs, bulletins, and handbooks, and because the advertising Rogers asserted he relied on was actually mere "puffing."

The Court of Appeals for the Seventh Circuit affirmed the Court's judgment.  *Rogers v. W. Governors Univ.*, No. 25-1470, 2025 WL 3565845 (7th Cir. Dec. 12, 2025).

## II.    Rule 60(b) Standards

It is well settled that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances.  *Kemp v. United States*, 596 U.S. 528, 533 (2022); *Gonzalez v. Crosby*, 545 U. S. 524, 535 (2005).  The rule authorizes a Court to grant relief from judgment for the specific reasons listed in the rule but does not authorize action in response to general pleas for relief.  *See Young v. Murphy*, 161 F.R.D. 61, 62 (N.D. Ill. 1995).  It is not an appropriate

vehicle for rehashing old arguments or for presenting arguments that should have been raised before the court made its decision. *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995); *Rutledge v. United States*, 230 F.3d 1041, 1052 (7th Cir. 2000).

Rule 60(b)(2) allows the Court to relieve a party from a final judgment where the movant presents "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)"—that is, no later than 28 days after entry of judgment. *See* Fed. R. Civ. P. 59(b). Under Rule 60(b)(2), evidence is "new" only if it was discovered after entry of final judgment. *See Gleash v. Yuswak,* 308 F.3d 758, 761 (7th Cir. 2002). In addition, the movant must show that the evidence was material, that the movant exercised due diligence in seeking it out in a timely manner, and that the Court would probably arrive at a different result had it known about the evidence. *Fields v. City of Chi.*, 981 F.3d 534, 554 (7th Cir. 2020).

Rule 60(b)(3) allows the Court to set aside a judgment on the basis of "fraud. . ., misrepresentation, or misconduct by an opposing party." A movant seeking relief under this rule must prove by clear and convincing evidence that he had a meritorious claim and that, because of the opposing parties' wrongful conduct, he was prevented from fully and fairly presenting his case. *Id.* at 558. Because the rule is intended to protect the fairness of proceedings, not just to deter or punish intentional misconduct, it applies also to unintentional misrepresentations. *Id.*

Rule 60(b)(6) allows the Court to vacate a judgment for "any other reason that justifies relief." This provision is open-ended and flexible, allowing the Court wide discretion to relieve a party from judgment. *Pearson v. Target Corp.*, 893 F.3d 980, 984 (7th Cir. 2018). It applies, however, only when the other five more specific reasons do not apply. *Id.* Relief under Rule 60(b)(6) is available only in extraordinary circumstances, including where there is a risk of

injustice to the parties or a risk of undermining public confidence in the judicial process. *Buck v. Davis*, 580 U.S. 100, 123 (2017); *Pearson*, 893 F.3d at 984.

A motion under Rule 60(b) must be filed within a reasonable time, and the outside limit of the reasonable time for motions under subsections (2) and (3) is within a year of the order or judgment from which relief is sought. Fed. R. Civ. P. 60(c)(1).

## III. Analysis

Rogers asks for relief from judgment because the record before the Court was "materially incomplete." Pl.'s Mot. Vacate 1 (Doc. 96). Specifically, he complains of:

> (1) Defendant's selective nonservice of pretrial filings containing Plaintiffs defensive opportunities; (2) Defendant's spoliation of federal educational records, producing a sanitized file after judgment, as one example; (3) a Clerk's Office processing error that suppressed Plaintiffs filing two days before judgment; and (4) Defendant's characterizations of deposition testimonies using one example, out of many, on which the Court's findings rested.

*Id.* In addition to countering these specific arguments, WGU argues that Rogers's motion is untimely in that it was filed 364 days after the judgment it seeks to vacate and more than eleven months after it knew of the facts on which his arguments were based.

The Court has serious doubts about whether Rogers filed the current motion within a reasonable time period considering when he knew of his potential arguments. However, because they are so clearly baseless and can be disposed of quickly, the Court exercises its discretion to consider the merits.

With respect to (1), Rogers complains that the defendant filed three documents on February 3, 2025, but served him with only one. He claims WGU failed to serve him with its Pretrial Memorandum (Doc. 75) and its Exhibit Stipulation and Objections (Doc. 76). However, contrary to his assertion, the Court neither consulted nor relied on those documents in granting summary judgment for WGU. WGU filed those documents in anticipation of trial, not in

4

connection with its summary judgment motion.  Any failure to serve Rogers with the documents did not in any way impact the Court's summary judgment ruling and certainly does not justify the extraordinary remedy of vacating the judgment in this case.

With respect to (2), Rogers complains that a post-judgment production of materials contained fewer pages than a pre-judgment production.  He claims this shows WGU tampered with the evidence.  Rogers's accusation of misconduct is pure speculation, far short of the clear and convincing evidence needed for relief under Rule 60(b)(3).  In any case, Rogers had the larger production in time to respond to WGU's summary judgment motion, so it could not have affected his ability to fully and fairly respond.

With respect to (3), Rogers complains that he tendered a motion in limine to the Clerk's Office on February 18, 2025.  When it was docketed on February 19, 2025, the Clerk's Office inadvertently attached the wrong document to the docket entry (it refiled his response to WGU's motion in limine, originally filed at Doc. 78).  The error was corrected on February 25, 2025, but Rogers believes the Court was deprived of a full record before it entered its February 20, 2025, order and judgment.  As with Rogers's complaint (1), the absence of his motion in limine from the record when the Court entered judgment would not have had any impact on the Court's decision.  It would not have consulted or relied on a motion in limine, a motion concerning evidence at trial, in granting summary judgment.  Any failure of the Clerk's Office to reflect Rogers's filing on the docket did not in any way impact the Court's summary judgment ruling.  It does not justify the extraordinary remedy of vacating the judgment "for any other reason" pursuant to Rule 60(b)(6).[1]

---

[1] Rogers also complains about how the Clerk's Office filed his summary judgment response and exhibits, but the Court reviewed all of the legible parts of the pages.  No harm came from how they were filed.  This is a non-issue.

5

With respect to (4), Rogers complains about WGU's citation of his deposition testimony that after his heart attack he was "pretty much okay" today (the word "today" being outside rather than inside the quotes) and its omission of other parts of his deposition showing the severity of his medical condition. He erroneously states that the Court relied on this testimony to find he did not require an accommodation for his disability. In fact, the Court found that his heart condition was a disability that might have required accommodation but that he failed to engage in the interactive accommodation process with WGU. And as for WGU's failure to cite other evidence of his disability, that is not misconduct or misrepresentation at all; Rogers should have cited that evidence in his response to the summary judgment motion. That is what the adversarial process is all about.

To the extent Rogers raises other arguments and conspiracy theories, the Court has considered them and finds they do not need to be separately addressed. None of them is based on newly discovered evidence, misconduct by WGU, or any other reason justifying relief from the judgment in this case.

## IV.    Conclusion

None of the reasons Rogers cites, separately or in combination, amounts to extraordinary circumstances that warrant relief from judgment under Rule 60(b). Accordingly, the Court **DENIES** Rogers's motion to vacate (Doc. 96).

**IT IS SO ORDERED.**
**DATED:  May 12, 2026**

**J. PHIL GILBERT**
**DISTRICT JUDGE**